The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID LANE,

    Plaintiff,

v.

MICRO-FOCUS (US), INC., KEVIN MOULTRUP, DENNIS HOOKER, and SAM GAUCI,

    Defendants.

Case No. 09-1363 MJP

ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Kevin Moultrup's, Dennis Hooker's, and Sam Gauci's (collectively, the "Individual Defendants") motion to dismiss David Lane's ("Plaintiff") complaint for lack of personal jurisdiction. (Dkt. No. 6.) Having reviewed the motion, Plaintiff's response (Dkt. No. 10), the Individual Defendants' reply (Dkt. No. 12), and all papers submitted in support thereof, the Court DENIES the motion.

**Background**

Micro Focus (US) is a company that offers software and related support services to large enterprises. (Complaint ¶¶ 3.1, 3.12.) In 2007, Moultrup, Micro Focus' North America Vice President interviewed Plaintiff in Sea-Tac, Washington for a position as Micro Focus' Pacific Northwest sales representative. (Id. ¶ 3.3; Lane Decl. ¶ 3.) During the interview, Plaintiff alleges that Moultrup promised him that he would have the sole responsibility for an account

ORDER ON MOTION TO DISMISS - 1

with Albertsons from which he might derive a substantial sales commission. (Compl. ¶ 3.3.) Plaintiff alleges that he accepted Micro Focus's job offer in reliance on Moultrup's statement. (Id. ¶ 3.4.)

Later in 2007, Plaintiff allegedly learned that someone else within Micro Focus had closed a deal with Albertsons and taken the substantial sales commission. (Compl. ¶ 3.10.) "Upon information and belief, Hooker and Gauci, with Moultrup's knowledge and assistance, improperly secured commissions on the $4,446,808 Albertsons transaction for themselves." (Id. ¶ 3.10.) Plaintiff alleges that the Individual Defendants "conspired together to attempt to ensure that the unlawful failure to pay wages due to Lane would not come to light." (Id. ¶ 3.12.) Plaintiff alleges that he the protested loss of the Albertsons' commission, and that the company impliedly promised him the commission. (Id. ¶¶ 3.11, 3.12.) However, the company "threatened to fire him" and eventually terminated his employment. (Id.)

Plaintiff filed suit against Micro Focus and the Individual Defendants. The case was removed to this Court from King County Superior Court. (Dkt. No. 1.) Against Moultrup, Plaintiff asserts claims of breach of fiduciary duty, wrongful withholding of wages, wrongful discharge in violation of public policy, civil conspiracy, discrimination on the basis of age in violation of RCW 49.60, fraud or constructive fraud, and negligent misrepresentation. (Compl. ¶ 4.2.) Aside from the wrongful withholding of wages claim, Plaintiff asserts the same claims against Hooker and Gauci as he does against Moultrup. (Id. ¶ 4.3.)

The Individual Defendants, residents of different, foreign states, argue that the Court lacks personal jurisdiction over them and that dismissal is necessary. (Dkt. No. 6.)

**Analysis**

A. Standard

"[T]he plaintiff need only make a prima facie showing of jurisdictional facts" to defeat a motion to dismiss that is based on written materials—the case here. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). To determine whether the plaintiff has met his burden as to personal

jurisdiction, the Court is to consider the plaintiff's pleadings and affidavits. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). The allegations of the complaint must be accepted as true and any "[c]onflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." Id.

B.   Personal Jurisdiction

Where no federal law authorizes personal jurisdiction, as is the case here, the Court must first examine whether the forum state's laws permit the assertion of jurisdiction over non-resident defendants. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). Washington's long-arm statute permits the exercise of jurisdiction to the full extent of the due process clause of the U.S. Constitution. Easter v. Am. West Fin., 381 F.3d 948, 960 (9th Cir. 2004) (citing RCW 4.28.185).

Plaintiff alleges that the Court has specific jurisdiction over the individual defendants. A three-prong test governs whether such jurisdiction exist: (1) the defendant must have "performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum"; (2) the plaintiff's claim must "arise[] out of or result[] from the defendant's forum-related activities"; and (3) the exercise of jurisdiction must be "reasonable." Id. at 960-61 (quotation omitted). Plaintiff bears the burden of establishing the first two prongs of specific jurisdiction, and if he does so successfully, the defendant must prove the third. Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).

   1.   Purposeful Availment and Direction

There are two principle ways of satisfying the first element of specific jurisdiction. Plaintiff may allege that the defendants purposefully availed themselves of the benefit of doing business in Washington. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). This applies principally to claims involving delivery of goods and contract claims. Id. Plaintiff may also satisfy this element by alleging that the

ORDER ON MOTION TO DISMISS - 3

defendant "purposefully direct[ed] his activities at the forum state." Id. (quoting Schwarzenegger, 374 F.3d at 803 (citation omitted)).

Purposefully direction is determined by employing a three-pronged "effects test," based on Calder v. Jones, 465 U.S. 783 (1984). This requires the plaintiff to show that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Yahoo!, 433 F.3d at 1206 (quotation omitted). The Ninth Circuit defines the second element as "wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." Bancroft & Masters, Inc. v. Augusta Nat., Inc., 223 F.3d 1082, 1087 (9th Cir. 2000). The act must individually target the plaintiff in the forum state; "a foreign act with foreseeable effects in the forum" alone is insufficient. Id. at 1087, 1088. The third element does not require that all the harm be suffered in the forum state. Yahoo!, 433 F.3d at 1207. There is also no requirement that "all (or even any) jurisdictionally relevant effects have been caused by wrongful acts." Id. at 1208.

Plaintiff has sufficiently alleged that Moultrup purposefully availed himself of the benefits of doing business in Washington. Moultrup traveled to Washington where he interviewed Plaintiff for a job based in largely in Washington, for the benefit of his employer, Micro Focus. The service Plaintiff was asked to provide and did provide involved a number of significant accounts in Washington for Micro Focus' benefit. (Lane Decl. ¶ 6.) Moultrup's recruitment of Plaintiff in Washington for a job focused primarily on acts to be undertaken in Washington, shows sufficient prima facie evidence of purposeful availment. See Roth v. Garcia Marquez, 942 F.2d 617, 622 (9th Cir. 1991) (finding purposeful availment satisfied where negotiations occurred primarily out of the forum state, but where "the contract's subject would have continuing and extensive involvement with the forum").

ORDER ON MOTION TO DISMISS - 4

Plaintiff has alleged sufficient facts that the Individual Defendants purposefully directed their wrongful conduct at him in Washington.[1] Plaintiff alleges that the Individual Defendants engaged in a conspiracy to deprive him of his sales commission. (Compl. ¶¶ 3.11-3.12). This satisfies the first element—that the defendants committed an intentional act. Yahoo!, 433 F.3d at 1206. Plaintiff has also satisfied the second and third elements of purposeful direction. Plaintiff alleges that the Individual Defendants' wrongful conduct targeted him, and that they were aware of that he was a Washington resident. Plaintiff alleges that Gauci and Hooker knew he was a Washington resident because "the residences of the sales personnel around the company was [sic] generally known and generally reflected in the ordinary course of business at Micro Focus," and that his "location in Washington was particularly known as a result of Micro Focus' business relationship with Microsoft." (Lane Decl. ¶¶ 2, 4.) Plaintiff also alleges that Moultrup knew Plaintiff was a Washington resident. (Id. ¶ 3.) These allegations also show that the Individual Defendants knew their actions would be felt in Washington by Plaintiff. Yahoo!, 433 F.3d at 1207. While the Albertsons account was focused on Idaho, the effect of taking this commission from Plaintiff impacted him in Washington. It does not matter that the focus of the conspiracy's activity may have been in Idaho; it is sufficient for the harm to Plaintiff to have been suffered in Washington. Id.

The Court finds that Plaintiff has satisfied this element as to the Individual Defendants.

2. Forum-Related Conduct

This second element requires Plaintiff to demonstrate that his claim "arises out of or relates to the defendant's forum-related activities." Yahoo!, 433 F.3d at 1206 (quotation omitted). The Ninth Circuit follows a "but-for" test. Menken, 503 F.3d at 1058. Plaintiff must

---

[1] The Court includes defendant Moultrup in this discussion of purposeful direction, even though it has already found that he purposefully availed himself of Washington's benefits and protections. This is a second, independent basis on which to find that Plaintiff has satisfied the first element of specific jurisdiction as to Moultrup.

ORDER ON MOTION TO DISMISS - 5

allege that he would not have suffered an injury but for the defendant's forum-related conduct. Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001).

Plaintiff has satisfied this element. But for the Individual Defendants' conspiracy to deprive Plaintiff of the Albertsons commission that was directed at Plaintiff in Washington, Plaintiff would not have been harmed and he would not have filed this lawsuit. Additionally, but for Moultrup's solicitation of and promises made to Plaintiff in Washington, Plaintiff would not have suffered the harm of which he complains. This satisfies the second element of specific jurisdiction. See Bancroft & Masters, 223 F.3d at 1088 (finding this element satisfied where, but for a letter sent to plaintiff in the forum state, the plaintiff would not have had to file suit against an out-of-state defendant).

3. Reasonableness

This element of specific jurisdiction places the burden on the Individual Defendants to show that it would not be reasonable to exercise jurisdiction over them. Roth, 942 F.2d at 623. Seven factors govern this inquiry:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Menken, 503 F.3d at 1058 (quotation omitted).

The Individual Defendants make a minimal showing to support their burden, and fail to brief the seven factors listed above. They argue circularly that because they have no contact with Washington, they shouldn't have to defend a lawsuit in Washington. (Dkt. No. 12 at 10.) To the contrary, Plaintiff has alleged that Moultrup had specific contact with Washington and that all three Individual Defendants purposefully directed their actions at Plaintiff in Washington. Defendants also argue that it is not foreseeable that they would be sued in Washington. (Id.)

However, because the Individual Defendants purposefully directed their acts at a Washington resident, it is foreseeable that they were sued here. The Individual Defendants have failed to meet their burden. A quick summary of the seven elements confirms this.

First, because the Individual Defendants' conspiracy targeted a Washingtonian and Moultrup sought out Plaintiff in Washington, they purposefully injected themselves in Washington. Second, the Individual Defendants have not shown any particular burden in defending in Washington. All are residents of different states, making a different, more convenient forum elusive. Third, they have shown no conflict of state laws. Fourth, Washington has an interest in ensuring that its laws are observed, especially given that Plaintiff has filed suit under Washington's anti-discrimination statute and invoked its public policy. Fifth, there is no evidence suggesting that Washington is not the most efficient forum. Sixth, given that Plaintiff is a Washington resident he has an interest in convenient and effective relief in a local forum. Seventh, there may be other fora available. On balance these factors weigh in Plaintiff's favor. The Individual Defendants have shown that jurisdiction in Washington is unreasonable.

## Conclusion

Plaintiff makes sufficient allegations that the Individual Defendants purposefully availed themselves of and purposefully directed their conduct at him in Washington. But for these acts, Plaintiff would not have suffered the harm for which he seeks redress. The Individual Defendants have failed to provide any cogent argument as to why jurisdiction over them in Washington is unreasonable. The Court has specific jurisdiction over the Individual Defendants. The motion to dismiss is DENIED.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 15th day of December, 2009.

Marsha J. Pechman
United States District Judge

ORDER ON MOTION TO DISMISS - 7