UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID LANE,

        Plaintiff,

    v.

MICRO-FOCUS(US), INC., KEVIN MOULTRUP, DENNIS HOOKER, and SAM GAUCI,

        Defendants.

CASE NO. C09-1363 MJP

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' AFFIRMATIVE DEFENSES

This matter comes before the Court on Plaintiff's motion for summary judgment on Defendants' affirmative defenses. (Dkt. No. 62.) Having reviewed the motion, the response (Dkt. No. 84), the reply (Dkt. No. 92), and all supporting papers, the Court GRANTS in part and DENIES in part the motion.

**Background**

Micro-Focus (US), Inc. ("Micro Focus") is a company that offers software and related support services to large enterprises. (Complaint ¶¶ 3.1, 3.12.) Plaintiff was an employee at Micro Focus, serving as a sales representative in the Western region, including Idaho. Plaintiff

contends that he was lured to work at Micro Focus in 2007 on the promise that he would have a substantial opportunity to generate commission revenue on an account with Albertsons in Idaho. Plaintiff claims that Defendants Gauci, Moultrup, and Hooker conspired to close a deal with Albertsons' parent company, SuperValu, without notifying Plaintiff or giving him any credit towards a sales commission.

Plaintiff filed suit against Micro Focus and Defendants Hooker, Gauci, and Moultrup. Against Moultrup, Plaintiff asserts claims of breach of fiduciary duty, wrongful withholding of wages, wrongful discharge in violation of public policy, civil conspiracy, discrimination on the basis of age in violation of RCW 49.60, fraud or constructive fraud, and negligent misrepresentation. (Compl. ¶ 4.2.) Aside from the wrongful withholding of wages claim, Plaintiff asserts the same claims against Hooker and Gauci as he does against Moultrup. (Id. ¶ 4.3.) Defendants filed an answer, asserting fourteen affirmative defenses. (Dkt. No. 7.)

Plaintiff has twice served interrogatories requesting that Defendants identify the facts supporting Defendants' affirmative defenses. (Smart Decl. Ex A; Id. Ex. B.) Defendants objected to the first set of interrogatories on the basis that the request was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. (Smart Decl. Ex. A.) Defendants argued that Plaintiff failed to properly plead his claims and identify the correct defendants and that there was "a bona fide dispute as to the payment of wages, not the willful withholding of wages." (Id.) Defendants reserved the right to conduct more discovery to support the affirmative defenses. (Id.) To the second interrogatories asking for support for the affirmative defenses, Defendants stated that the interrogatory was improper because it was composed of discrete subparts that exceeded the interrogatory limit. (Smart Decl. Ex. B.)

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS'
AFFIRMATIVE DEFENSES- 2

**Analysis**

A.    Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there are no genuine issues of material fact for trial and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

B.    Affirmative Defenses Released

Defendants have voluntarily withdrawn six of their defenses. (Dkt. No. 84 at 1 n.1.) Defendants no longer pursue Affirmative Defenses 1, 2, 4, 5, 7, and 9.

C.    Affirmative Defense 3: Contributory Acts and Omissions

Plaintiff argues that Defendants have not shown any facts to support a defense that Plaintiff contributed to his own losses through his own acts or omissions and that no such affirmative defense exists. (Dkt. No. 92 at 2.) Defendants have not cited any authority for the proposition that an affirmative defense exists for "contributory acts or omissions." Rather, they

1  dance around the issue and try to reframe Affirmative Defense 3 as part of a

2  contributory/comparative fault defense. (Dkt. No. 84 at 10.) This defense is expressly set forth

3  in Affirmative Defense 6. The Court GRANTS the motion for summary judgment and

4  DISMISSES Affirmative Defense 3 as it is phrased. The Court deals with the

5  contributory/comparative fault defense below.

6  D.      Affirmative Defense 8: Failure to Mitigate

7         Defendants argue that Plaintiff failed to mitigate his damages when he did not obtain

8  immediate employment after he left Micro Focus and when he did not use the HR grievance

9  process.

10        Washington law requires Defendants to show that Plaintiff proximately caused some

11 portion of his own damages by failing to exercise ordinary care. Wash. Pattern Jury Instruction §

12 33.01. The pattern jury instruction on point sets out the elements: "A person who is liable for an

13 injury to another is not liable for any damages arising after the original [injury] [event] that are

14 proximately caused by failure of the injured person to exercise ordinary care to avoid or

15 minimize such new or increased damage." Id.

16        Defendants argue that Plaintiff never "attempted to generate any income from [his

17 coaching] business to mitigate his alleged lost income after the termination of his employment at

18 Micro Focus." (Dkt. No. 84 at 11.) They rely on testimony from Plaintiff that he owned a

19 company prior to starting work at Micro Focus that did not produce any income for Plaintiff and

20 that he did not go back to it after termination from Micro Focus. This is not evidence of a failure

21 to mitigate. Rather, it shows that Plaintiff chose not to return to a business that was not

22 profitable and has not been shown to have any hope of turning a profit within five months—the

23 time it took Plaintiff to find new employment after termination from Micro Focus. (Supp. Birk

24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS'
AFFIRMATIVE DEFENSES- 4

Decl. Ex. F.) The uncontroverted evidence actually points to the fact that Plaintiff did mitigate damages. He obtained employment five months after he was terminated. (Id.) Moreover, Micro Focus' 30(b)(6) deponent testified that she had no information as to whether Plaintiff sought out other employment or failed to do "everything possible to seek other employment." (Lavorata Dep. at 160.) There is no evidence of Plaintiff's failure to mitigate regarding his employment after he left Micro Focus. The Court DISMISSES this defense and GRANTS the motion.

Defendants also argue that Plaintiff failed to mitigate his damages by not using Micro Focus' HR grievance process to dispute the commission award. (Dkt. No. 84 at 10.) However, the grievance process was not a mandatory requirement for Plaintiff to follow: "If you feel that you have not been treated fairly, have a grievance, or a cause for complaint arising out of your employment, you should comply with the following procedure. . ." to dispute the issue with HR. (Dkt. No. 85 at 37 (emphasis added).) Given the voluntary nature of the grievance process, Plaintiff cannot be faulted for failing to use it. Moreover, the overwhelming testimony on record is that the HR grievance process was not used to dispute commissions and that once a commission was paid out there were never any adjustments. (Lavorata Dep. at 50.) There is no evidence that Plaintiff's failure to file a grievance proximately caused any damages. This defense is unsupported in the record and without merit. The Court GRANTS the motion and DISMISSES the defense.

E.   Affirmative Defense 6: Contributory/Comparative Negligence

Defendants assert a defense of contributory and comparative negligence. Defendants contend that Plaintiff's failure to follow the HR grievance process contributed to his damages. The defense lacks any factual support.

1    The defense of contributory negligence requires Defendants to show that Plaintiff
2 breached a duty that proximately caused the harms of which he suffers.  Wash. Pattern Jury
3 Instruction § 11.01.  As explained above, use of the HR grievance process was not mandatory
4 and the Court cannot hold there to be a legal duty placed upon Plaintiff to file an HR grievance.
5 Even if there did exist some duty, there is no evidence that his failure to file a grievance was a
6 proximate cause of any of his purported damages.  This is especially the case where all of the
7 evidence points to the fact that no HR grievance has ever resulted in a change to a paid
8 commission.  (Lavorata Dep. at 50.)  The Court GRANTS the motion and DISMISSES this
9 affirmative defense.

10 F.    Affirmative Defense 6: Assumption of Risk

11    Defendants fail to present any facts in support of a defense of assumption of risk.  There
12 are two relevant types of assumption of risk: (1) express and (2) implied.  Tincani v. Inland
13 Empire Zoological Soc'y, 124 Wn.2d 121, 143 (1994); Scott v. Pac. W. Mountain Resort, 119
14 Wn.2d 484, 497, 503 (1992).  Express assumption of risk requires Plaintiff's agreement that
15 Defendants had no obligation of reasonable care.  Scott, 119 Wn.2d at 496.  Implied primary
16 assumption of risk requires Defendants to show Plaintiff impliedly consented to relieve
17 Defendants of a duty owed to him.  Tincani, 124 Wn.2d at 144.

18    Defendants do not specify what sort of assumption of risk is at issue in their defense.
19 This does not matter as Defendants have failed to present any facts showing that Plaintiff either
20 expressly or impliedly absolved Defendants of any duty owed.  The Court GRANTS the motion
21 and DISMISSES the defense.

22 G.    Affirmative Defense 6: Waiver

23
24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS'
AFFIRMATIVE DEFENSES- 6

1  A claim of waiver requires Defendants to show "unequivocal acts or conduct . . . evincing an intent to waive." Dep't of Revenue v. Puget Sound Power & Light Co., 108 Wn.2d 501, 505 (1985). Defendants present few facts that Plaintiff intended to waive any rights. The only fact supporting the defense is that Lane did not use the internal grievance process. However, as explained above, the HR grievance process was not mandatory and failure to use it is not evidence of waiver. Moreover, Plaintiff did make substantial objections to the commission on the $4.4 million deal and was otherwise told to keep quiet. (Supp. Birk Decl. Ex. C.) The court GRANTS the motion and DISMISSES the defense.

H.  Affirmative Defense 6: Consent

Defendants have not pointed to any law that recognizes an affirmative defense known as "consent." The Court finds the matter subsumed by defense express assumption of risk. As addressed above, this defense lacks merit on this record. The Court GRANTS the motion and DISMISSES this defense.

I.  Affirmative Defense 6: Estoppel

Defendants must satisfy three elements to support any claim of estoppel: "(1) the conduct, acts, or statements by the party to be estopped are inconsistent with a claim afterward asserted by that party, (2) the party asserting estoppel took action in reasonable reliance upon that conduct, act, or statement, and (3) the party asserting estoppel would suffer injury if the party to be estopped were allowed to contradict the prior conducts, act, or statement." Sorenson v. Pyeatt, 158 Wn.2d 523, 538-39 (2006).

Defendants have put forward no facts supporting this defense. The Court GRANTS the motion and DISMISSES this defense.

J.  Affirmative Defense 6: Laches

1     "Laches consists of two elements: (1) inexcusable delay and (2) prejudice to the other

2 party from such delay." State ex rel. Citizens Against Tolls (CAT) v. Murphy, 151 Wn.2d 226,

3 241 (2004). "A court is generally precluded, absent highly unusual circumstances, from

4 imposing a shorter period under the doctrine of laches than that of the relevant statute of

5 limitations." Brost v. L.A.N.D., Inc., 37 Wn. App. 372, 375 (1984).

6     Defendants have already relinquished their statute of limitations defense and have made

7 no showing of unusual circumstances warranting application of laches. The Court GRANTS the

8 motion and DISMISSES this defense.

9 K.     Affirmative Defense 6: Unclean Hands

10     The doctrine of unclean hands prevents a party from obtaining equitable relief if the party

11 has committed willful misconduct that has an immediate and necessary relation to the requested

12 relief. J.L. Cooper & Co. v. Anchor Sec. Co., 9 Wn.2d 45, 2 (1941). The doctrine applies to

13 someone whose conduct has been unconscionable, unjust, or marked by lack of good faith. King

14 County v. Taxpayers of King County, 133 Wn.2d 584, 644 (1997).

15     Defendants have not shown any willful misconduct that has an immediate and necessary

16 relation to Plaintiff's requested relief. Nor have Defendants shown unconscionable or unjust

17 behavior undertaken by Plaintiff. The Court GRANTS the motion and DISMISSES the defense.

18 L.     Affirmative Defenses 10 and 11: Good Faith and Bona Fide Dispute of Wages

19     Core disputes of fact exist as to whether Defendants acted in good faith towards Plaintiff

20 and whether there may have been a bona fide dispute as to wages that were withheld. The Court

21 DENIES summary judgment on these defenses.

22 M.     Affirmative Defense 12: Frivolous Action

23

24

1    Defendants admit that this defense is not properly asserted as an affirmative defense. In
2    certain specific circumstances RCW 4.84.185 permits Defendants and Plaintiffs to file a motion
3    seeking to declare a claim or defense to be frivolous. The Court thus GRANTS the motion and
4    DISMISSES the defense. Either party can invoke this statute by motion if they believe a proper
5    basis exists to pursue such a claim and if the statute permits such a filing.

6    N.    Affirmative Defense 13: Personal Jurisdiction

7    Defendants argue that they may reassert their defense of lack of personal jurisdiction at
8    trial. Defendants are correct that personal jurisdiction can be challenged again at trial even if the
9    Court has previously found by prima facie evidence of personal jurisdiction. See Peterson v.
10   Highland Music, Inc., 140 F.3d 1313, 1319 (9th Cir. 1998). However, Defendants have failed to
11   meet their burden to preserve a claim for lack of personal jurisdiction. It is not sufficient for
12   Defendants merely to state that they may put on such a defense at trial when Plaintiff specifically
13   challenged the assertion in a motion for summary judgment. See id. The Court GRANTS the
14   motion and DISMISSES the defense.

15   O.    Affirmative Defense 14: Reservation of Rights

16   Defendants argue that they may add more defenses at a later time. Defendants ignore the
17   fact that the Court established a deadline to amend pleadings that has long since passed. (Dkt.
18   No. 16.) Any additional defenses can only be added with leave of Court pursuant to Rule 16 and
19   Rules 15. The Court GRANTS the motion and DISMISSES this "defense."

**Conclusion**

21   Defendants have shown only that there are disputed issues of material facts as to two of
22   their fourteen affirmative defenses: numbers 10 and 11. As to Affirmative Defense 13, both
23   Defendants and Plaintiff may pursue remedies under RCW 4.84.185 if valid grounds exist
24

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS'
AFFIRMATIVE DEFENSES- 9

1 | pursuant to the statute. The Court DISMISSES all other affirmative defenses. The Court thus

2 | GRANTS in part and DENIES in part Plaintiff's motion.

3 |     The clerk is ordered to provide copies of this order to all counsel.

4 |     Dated this 3rd day of December, 2010.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON DEFENDANTS'
AFFIRMATIVE DEFENSES- 10